# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SHIRLEY AUGUST | CIVIL ACTION NO. 05-1361 |
| VS. | JUDGE DOHERTY |
| COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's unfavorable disability finding. Considering the administrative record, the briefs of the parties and the applicable law, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED**.

### *Background*

Born on March 5, 1949, Shirley August ("August") is a 57-year-old claimant with an eleventh-grade education. (Tr. 28). August has worked in the past as a housekeeper and book store clerk/cashier. (Tr. 79).

August filed an application for supplemental security income on March 27, 2002, alleging disability as of February 1, 2000 due to a bulging disk, carpal tunnel syndrome, and sleep apnea. Her application was denied initially and on reconsideration, and an administrative hearing was held on December 2, 2003. In an opinion dated April 22, 2004, the ALJ found that August retains the residual functional capacity to perform light work activity. (Tr. 25). The Appeals Council denied review, (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner from which August now appeals.

*Assignment of Errors*

August raises one error on appeal, namely, that the ALJ erred in assessing her residual functional capacity, resulting in an improper finding that she is not disabled and can return to her past relevant work.

*Standard of Review*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion. Carey, 230 F.3d at 136; Johnson v. Bowen , 864 F.2d 340, 343 (5th Cir.1988). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson, 864 F.2d at 343.

*Analysis*

In determining whether a claimant is capable of performing substantial gainful activity, the Secretary uses a five-step sequential procedure set forth in 20 C.F.R. §404.1520(b)-(f) (1992):

1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.

2.  A person who does not have a "severe impairment" will not be found to be disabled.

3.  A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4.  If a person can still perform his past work, he is not disabled.

5.  If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

In the instant case, the ALJ determined at Step 5 that August suffers from the severe impairments of diabetes mellitus, obesity, sleep apnea syndrome, status-post left carpal tunnel release, status-post left trigger thumb release, and chronic low back pain, but that she retains the residual functional capacity to perform light work, including her past relevant work as a book store clerk/cashier. (Tr. 20).

After careful consideration of the record, the undersigned concludes that the ALJ's decision is not supported by substantial evidence.

## I. <u>Residual Functional Capacity</u>

August contends that the ALJ erred in assessing her residual functional capacity, resulting in an improper finding that she is not disabled and can return to her past relevant work. Specifically, August contends that the ALJ erred in concluding that she can perform light work and failed to consider the effect of her obesity on her ability to work.

### *<u>Ability To Perform Light Work</u>*

In support of his conclusion that August can perform light work, the ALJ gave "great weight" to the opinion of Dr. Kenneth Ritter, an internist, who examined August at the request of

Disability Determinations Services on July 30, 2002. Dr. Ritter diagnosed August with significant obesity, history of sleep apnea, diabetes mellitus under good control, gastroesophageal reflux disease under good control, chronic low back pain, and history of carpal tunnel syndrome. (Tr. 280). In a form entitled "Medical Assessment of Ability to Do Work-Related Activities," Dr. Ritter reported that August can: occasionally lift and carry 10-25 lbs.; stand and/or walk for 4-6 hours in an 8-hour workday, but only for 2-4 hours without interruption; sit with no limitations; frequently balance; and occasionally stoop, kneel, crouch, and crawl. (Tr. 281). Dr. Ritter also noted that August's ability to handle objects is limited due to her carpal tunnel syndrome, but that otherwise, she has no other physical or environmental limitations. (Tr. 282).

As noted, Dr. Ritter concluded that August can stand and/or walk for only 4-6 hours in an 8-hour workday. August contends that this precludes her from being able to perform a significant range of light work, including her past work as a book store clerk/cashier. August's argument is supported by the applicable regulations. "Light work" is defined in the Regulations as follows:

> **(b) Light work.** Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. *Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567 (emphasis added). In Social Security Ruling 83-10, the court noted:

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a

workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

SSR 83-10; 1983 WL 31251, *6.[1]

Here, the ALJ's conclusion that August can perform light work, which requires standing or walking for a minimum of 6 hours each day, is inconsistent with the opinion of Dr. Ritter, who stated that August can only stand and/or walk for 4-6 hours, hence *up to* 6 six hours, in an 8-hour workday. Considering the foregoing, the undersigned concludes that the ALJ's RFC assessment was erroneous.

### *Obesity*

August also contends that the ALJ did not properly consider the effects of her obesity on her ability to work. Obesity remains a factor to be considered in determining whether an individual is disabled. SSR 02-01p states:

> We may also find that obesity, by itself, is medically equivalent to a listed impairment (or, in the case of a child applying under title XVI, also functionally equivalent to the listings). For example, if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00B2b or 101.00B2b of the listings, it may substitute for the major dysfunction of a joint(s)

---

[1] Social Security Rulings are issued by the Social Security Administration and are based on case decisions made at the administrative levels of adjudication, federal court decisions, Commissioner's decisions, opinions of the Office of the General Counsel, and other policy interpretations of the law and regulations. Although Social Security Rulings do not have the force and effect of the law or regulations, they are binding on all components of the Social Security Administration, in accordance with Section 422.406(b)(1) of the Social Security Regulations No. 22 (20 CFR Part 422), and are to be relied upon as precedents in adjudicating other cases.

> due to any cause (and its associated criteria), with the involvement of one major peripheral weight-bearing joint in listings 1.02A or 101.02A, and we will then make a finding of medical equivalence. (See question 8 for further discussion of evaluating the functional effects of obesity, including functional equivalence determinations for children applying for benefits under title XVI.)
> We will also find equivalence if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment.
>
> * * *
> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.
>
> * * *
> As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.

The record shows that in July of 2002, August was measured at 5' 1" tall and 226 lbs. (Tr. 279). Dr. Ritter stated that August has "significant obesity." (Tr. 280). He further noted that August has a "normal gait and station *for her weight*" and that she has "a full range of motion of her low back *impeded only by her weight*." (Tr. 280) (emphasis added). These statements imply that August's ability to walk and move about is limited by her obesity, yet the ALJ appears not to have specifically considered August's obesity in assessing her residual functional capacity.

The ALJ is responsible for assessing the medical evidence and determining the claimant's residual functional capacity, and he must explain his decision. Perez v. Heckler, 777 F.2d 298, 302 (5th Cir. 1985). In the instant case, the ALJ failed to address the effect of August's obesity on her ability to perform routine movement and necessary physical activity within the work environment.

The record is also devoid of information concerning the combined effects of August's obesity and her other impairments. On March 21, 2002, Dr. Louis C. Blanda, Jr., an orthopedic surgeon, reported that August had a limping gait on the left, great difficulty walking, paravertebral muscle tenderness, and some possible spasm. (Tr. 232). A straight leg raising test was positive bilaterally at about 40 degrees, worse on the left side than the right. A CT scan showed a mild disk bulge at L3-4, moderate central stenosis at L4-5 secondary to a broad-based disk bulge, and ligamentous hypertrophy. (Id.). Blanda reported that August is a surgical candidate, but August has opted to proceed conservatively as long as she can. (Tr. 234). Finally, in Progress Notes dated November 2002, the examiner noted that x-rays showed bilateral knee osteoarthritis, lumbar spondylosis/degenerative disk disease, and spinal stenosis with neurogenic claudication. (Tr. 336-46).

"The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the 'disabling effect of each of the claimant's ailments' and the 'combined effect of all of these impairments.'" Loza v. Apfel, 219 F.3d 378, 399 (5th Cir. 2000), citing Fraga v. Bowen, 810 F.2d 1296, 1305 (5th Cir.1987). Here, the ALJ did not consider August's obesity in assessing her functional status. This failure to assess whether August's obesity, either alone or in combination with her other conditions, meets or equals a listed impairment or otherwise prohibits her from maintaining gainful employment was error.

### *Carpal Tunnel Syndrome*

Finally, the undersigned concludes that the ALJ's RFC assessment is erroneous inasmuch as the ALJ failed to include in it a hand limitation based on carpal tunnel syndrome, despite a clear diagnosis of carpal tunnel syndrome and a history of treatment for same. (Tr. 317). The

record shows that August, who is left-hand-dominant, underwent a carpal tunnel release on her left hand on November 8, 1999. (Tr. 319). Although progress notes dated February 24, 2000 state that August had reached maximum medical improvement, August's treating physician, Dr. Michael J. Duval, reported that her results were not good, that she continued to experience pain, and that he recommended a functional disability evaluation regarding her condition. (Tr. 323). Even Dr. Ritter included a work-related limitation in his RFC assessment based on August's carpal tunnel impairment. (Tr. 282 ). Despite the foregoing, the ALJ failed to incorporate any hand limitation in his RFC assessment. The foregoing was error.

## II. **Remand**

Despite the foregoing errors, and while it is clear that August was disabled beginning in at least March 2002, when Dr. Blanda examined August and opined that she was obese and had difficulty walking, it is unclear whether the claimant's condition existed as early as her alleged onset date of February 1, 2000. Considering the foregoing, the undersigned concludes that this case should be remanded for further proceedings to determine when August's disabling condition began. See Ferguson v. Schweiker, 641 F.2d 243, 250, n. 8 (5th Cir.1981) (remand is appropriate upon a showing of "good cause," which includes an "inability to make a definitive ruling concerning a claimant's disability based on the record before the court.").

### *Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that the ALJ's decision be **REVERSED** and that this case be **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g). On remand, the Commissioner

shall further develop the record to determine when August's disabling condition began. Claimant shall be afforded the opportunity to submit additional evidence in support of her claim.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

Inasmuch as the remand recommended herein falls under sentence four of Section 405(g), any judgment entered in connection herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA). See, Richard v. Sullivan, 955 F.2d 354 (5th Cir. 1992) and Shalala v. Schaefer, 509 U.S. 292 (1993).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed in chambers on June 26, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)